Filed 12/9/25  P. v. Englebrecht CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

| California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115. |
| --- |

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D084744 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN228485) |
| MARTIN ENGLEBRECHT, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Lisa R. Rodriquez, Judge.  Reversed and remanded with directions.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Michael J. Patty, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Martin Englebrecht appeals from an amended judgment after resentencing pursuant to Penal Code section 1172.75.[1]  He argues, and the People concede, the trial court erred by failing to reduce his sentence on the witness dissuasion count, based on the lack of an express or implied threat of force.  We find this matter appropriately resolved by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847) and, accepting the People's concession, vacate the sentence on the witness dissuasion count and remand for further sentencing proceedings consistent with this opinion.

In 2010, Englebrecht was convicted of three attempted murder counts (counts 1 to 3) and one count of attempting to dissuade a witness (count 4).  The jury also found that he committed these crimes to benefit a criminal street gang.  Due to his three prior strikes and other enhancements, which included two prison priors, the trial court imposed a 235-year-to-life sentence, which was affirmed on appeal.  (*People v. Englebrecht* (May 3, 2012, D058075) [nonpub. opn.].)

In August 2024, after determining that Englebrecht was eligible for resentencing under section 1172.75, the trial court conducted a full resentencing hearing.  It struck his two prison priors pursuant to section 1172.75 and found that reducing his sentence would not endanger public safety.  It then struck all three of his prior strikes.  Next, it declined to strike any of his gang or gun enhancements but struck the prior serious felony enhancement.

As relevant here, the trial court imposed an indeterminate seven-year-to-life sentence under section 186.22, subdivision (b)(4) on count 4 and struck

---

[1]     Undesignated statutory references are to the Penal Code.

the punishment on that count for the gang enhancement. It resentenced Englebrecht to a total term consisting of 46 years to life, plus 20 years.

On appeal, Englebrecht's sole argument is the court's imposition of an indeterminate seven-year-to-life sentence for dissuading a witness for the benefit of a street gang under sections 131.6, subdivision (a)(2) and 186.22, subdivision (b)(1) (count 4), is unauthorized and requires a remand for resentencing. The People concede that Englebrecht is correct. In imposing the indeterminate term, the trial court mistakenly relied upon the gang-related sentence enhancement under section 186.22, subdivision (b)(4), which is not triggered by a conviction for dissuading a witness under 131.6, subdivision (a)(2), despite the finding the offense was for the benefit of a gang. Rather, Englebrecht's gang-related offense for dissuading a witness triggered an additional determinate term under section 186.22, subdivision (b)(1) or (b)(2).

Both parties note that *People v. Lopez* (2012) 208 Cal.App.4th 1049 is on point. In *Lopez*, the Court of Appeal explained that section 186.22, subdivision (b)(4)(C) "permits imposing a sentence of seven years to life only if the defendant makes 'threats to victims and witnesses, as defined in [s]ection 136.1.' " (*Lopez*, p. 1065.) It reasoned that section 136.1, subdivision (c)(1) "refers to the use of an implied or express threat" and therefore, "the plain meaning of section 186.22, subdivision (b)(4)(C) is that a seven-year-to-life sentence can be imposed only if the jury convicts the defendant of attempting to dissuade a witness by the use of an implied or express threat of force pursuant to section 136.1, subdivision (c)(1)." (*Lopez*, p. 1065.) The appellant there had not been convicted of violating section 136.1, subdivision (c)(1), and he was not found to have "used an implied or express threat of force in committing the crime." (*Lopez*, p. 1065.) Therefore,

3

the appellate court concluded that the lower court erred when it imposed a sentence of seven years to life pursuant to section 186.22, subdivision (b)(4)(C). (*Lopez*, p. 1065.)

As in *Lopez*, the trial court here erred in re-imposing the seven-year-to-life sentence on the fourth count for dissuading or threatening a witness for the benefit of a criminal street gang, in violation of section 136.1, subdivision (a)(2), because such sentence can be imposed only where the dissuasion consists of "threats" against a victim or witness, which was not the case here. (*Lopez, supra*, 208 Cal.App.4th at 1064–1065.) We will therefore vacate the sentence on count 4 and remand the matter for a full resentencing. (*People v. Bucyks* (2018) 5 Cal.5th 857, 893.)

DISPOSITION

The sentence on count 4 is vacated, and the matter is remanded to the trial court with directions to conduct a resentencing hearing under section 1172.75.

McCONNELL, P. J.

WE CONCUR:

IRION, J.

HUFFMAN, J.*

---

\*      Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.